IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

HUBERT THOMAS,              :
                                  :
        Plaintiff,          :
                                  :
v.                             :        CIVIL ACTION NO.
                                  :        1:13-CV-2530-RWS
BANK OF AMERICA, N.A.,    :
                                  :
        Defendant.      :
                                  :

## ORDER

This case is before the Court on Plaintiff's Motion for Temporary

Restraining Order [2] and Defendant Bank of America, N.A.'s ("BANA")

Motion to Dismiss [3].  After reviewing the record, the Court enters the

following Order.

### Background[1]

Plaintiff initially filed his Complaint [1-1] and Motion for Temporary

Restraining Order [2] in the Superior Court of Dekalb County on July 1, 2013.

---

[1] As this case is before the Court on a motion to dismiss, the Court accepts as true all well-pleaded facts in the Complaint.  Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999).

BANA timely removed the action to this Court under 28 U.S.C. §§ 1332, 1367, 1441, and 1446.  (Notice of Removal, [1].)

This dispute involves property located at 115 Brook Hollow Drive, McDonough, Georgia 30252 ("Property").  To purchase the Property, Plaintiff took out a loan in the amount of $147,250.00.  He contemporaneously executed a security deed in favor of BANA to secure repayment of the loan ("Security Deed") [1-1].  At some point thereafter, Plaintiff fell behind on his mortgage payments and began negotiating short sale options with BANA.  During negotiations, BANA instituted non-judicial foreclosure proceedings.  Plaintiff received notice from BANA's attorney, Rubin Lublin, LLC, that a foreclosure sale was scheduled for July 2, 2013.  However, Plaintiff filed suit on July 1 and the sale did not occur.

Plaintiff seeks to enjoin BANA from foreclosing on the Property and requests damages for wrongful foreclosure.  (Compl., [1-1]; Motion for Temporary Restraining Order, [2][2].)  BANA moves to dismiss under Federal

---

[2] Plaintiff's Motion for Temporary Restraining Order largely mirrors Plaintiff's prayer for equitable relief (Count I) in his Complaint.

2

Rule of Civil Procedure ("Rule") 12(b)(6).  Plaintiff did not file a response to

BANA's motion; therefore, it is deemed unopposed.  N.D. Ga. L.R. 7.1(B).

## Discussion

### I.      Plaintiff's Motion for Temporary Restraining Order

A temporary restraining order ("TRO") is an "extraordinary and drastic

remedy."  <u>Zardui-Quintana v. Richard</u>, 768 F.2d 1213, 1216 (11th Cir. 1985).

To obtain a TRO, a movant must demonstrate: (1) a substantial likelihood of

success on the merits of the underlying case, (2) the movant will suffer

irreparable harm in the absence of an injunction, (3) the harm suffered by the

movant in the absence of an injunction would exceed the harm suffered by the

opposing party if the injunction issued, and (4) an injunction would not disserve

the public interest.  <u>Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts,</u>

<u>Inc.</u>, 299 F.3d 1242, 1246-47 (11th Cir. 2002).  For the reasons set forth in Part

II.B, *infra*, Plaintiff has failed to show a substantial likelihood of success on the

merits.  Therefore, Plaintiff's Motion for Temporary Restraining Order is

**DENIED**.

### II.     BANA's Motion to Dismiss

#### A.     Legal Standard

3

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this pleading standard does not require "detailed factual allegations," mere labels and conclusions or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In order to withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court to draw the reasonable inference that the defendant is liable for the conduct alleged. Id.

"At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). However, the same does not apply to legal conclusions set forth in the complaint. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Iqbal, 129 S. Ct. at 1949). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

4

suffice." Iqbal, 556 U.S. at 678.  Furthermore, the court does not "accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555.

"The district court generally must convert a motion to dismiss into a motion for summary judgment if it considers materials outside the complaint." D.L. Day v. Taylor, 400 F.3d 1272, 1275-76 (11th Cir. 2005); see also Fed. R. Civ. P. 12(d).  However, documents attached to a complaint are considered part of the complaint. Fed. R. Civ. P. 10(c).  Documents "need not be physically attached to a pleading to be incorporated by reference into it; if the document's contents are alleged in a complaint and no party questions those contents, [the court] may consider such a document," provided it is central to the plaintiff's claim. D.L. Day, 400 F.3d at 1276.  At the motion to dismiss phase, the Court may also consider "a document attached to a motion to dismiss . . . if the attached document is (1) central to the plaintiff's claim and (2) undisputed." Id. (citing Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002)).  "'Undisputed' means that the authenticity of the document is not challenged." Id.

B.    Analysis

1.    *Claim for Equitable Relief (Count I)*

5

Plaintiff's request for equitable relief appears to be based on two theories: (1) insufficient notice under the terms of paragraph 22 of the Security Deed; and (2) breach of an alleged obligation by BANA to negotiate a short sale with Plaintiff instead of initiating non-judicial foreclosure proceedings.  (Compl., [1-1] ¶¶ 5, 11, 15-16.)  The Court agrees with BANA that these claims lack merit.

On February 15, 2013, Plaintiff and his wife received a Notice of Intent to Accelerate and Foreclose from BANA.  ([3-4] at 2 of 4.)  The Notice complies with the requirements of paragraph 22 of the Security Deed. Specifically, it provides: (1) notice of Plaintiff's default, (2) the action required to cure default, (3) a date by which default must be cured, and (4) notice that failure to cure will result in acceleration of the sum secured by the Security Deed and sale of the Property.  Additionally, after Plaintiff failed to cure, he received a Notice of Acceleration and Foreclosure from BANA's foreclosure counsel, Rubin Lublin, LLC, which included a copy of the Notice of Sale Under Power.  ([1-1] at 32 of 43.)  Therefore, Plaintiff's claim that he was not given proper notice under the terms of the Security Deed fails.

Second, despite Plaintiff's claim to the contrary, BANA was under no contractual or legal obligation to negotiate a short sale or a loan modification

6

with Plaintiff.  The Security Deed granted BANA the power of sale and BANA rightfully initiated foreclosure proceedings after Plaintiff failed to cure his default.  ([3-2] at 4 of 19.)  Therefore, Plaintiff has failed to state a plausible claim for equitable relief and Count I is **DISMISSED.**

      2.  *Claim for Damages based on Wrongful Foreclosure (Count II)*

      BANA argues that under Georgia law, Plaintiff's wrongful foreclosure claim is improper because the foreclosure sale has not yet occurred.  (Def.'s MTD Br., [3-1] at 5.)  The Court agrees.  See Edwards v. BAC Home Loan Servicing, L.P., No. 1:11-CV-2465-RWS, 2012 WL 4327052, at * 1 (N.D. Ga. Sept. 14, 2012) (" . . . Plaintiffs may not state a claim for wrongful foreclosure where no foreclosure sale has actually occurred.").  Therefore, Plaintiff's claim for damages based on wrongful foreclosure is **DISMISSED**.[3]

---

[3] To the extent Count II may be construed as a claim for attempted wrongful foreclosure, the Court agrees with BANA that Plaintiff has not pled sufficient facts to support such a claim.  See Aetna Finance Co. v. Culpepper, 320 S.E.2d 228, 232 (Ga. Ct. App. 1984) (Plaintiff must show that the foreclosing party made "a knowing and intentional publication of untrue and derogatory information concerning [his] financial condition, and that damages were sustained as a direct result of this publication.").  Here, there is no dispute that Plaintiff was several months in arrears on his mortgage payments, so any publication regarding Plaintiff's default was true.

AO 72A
(Rev.8/82)

### Conclusion

Based on the foregoing, Plaintiff's Motion for Temporary Restraining Order [2] is **DENIED** and Defendant's Motion to Dismiss [3] is **GRANTED**.


**SO ORDERED**, this _30th_ day of September, 2013.


_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

8